UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **SENS INC.,** *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> **WHITEFORD, TAYLOR AND PRESTON, L.L.P.,** *et al.*, <br><br> Defendants | Case No.  20-00149 |

### DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants, Whiteford, Taylor and Preston L.L.P. and Thomas C. Beach III (hereinafter collectively "Defendants"), by their attorneys, Alvin I. Frederick, Lauren E. Marini, and Eccleston and Wolf, P.C. and Kevin G. Hroblak of Whiteford, Taylor & Preston L.L.P., file this Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, pursuant to Federal Rules of Civil Procedure 12 and 56 and Federal Rule of Bankruptcy Procedure 7012.  The grounds for this Motion are as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs are precluded from bringing claims in this action due to the bankruptcy proceedings.  Sens Mechanical, Roy Sens, and Melanie Sens failed to disclose this claim in their respective bankruptcy schedules, despite the fact that this pre-petition claim was known to them, and they and Sens, Inc., which Mr. and Mrs. Sens own, therefore lack standing to bring this action.

3. Plaintiffs' claims are barred by the statute of limitations, where the Chapter 7 Trustee is the real party in interest, and there was no tolling agreement extending the statute of

limitations as to claims belonging to the Trustee.  As this matter was filed more than three years after the claim was discovered, or reasonably should have been discovered, it is barred by limitations.

4. Plaintiffs are judicially estopped from bringing this suit due to Plaintiffs' failure to identify the claim on their bankruptcy schedules.

5. Plaintiffs cannot establish that Defendants proximately caused any of their alleged damages because Plaintiffs are unable to demonstrate that they would have achieved a more favorable result in the absence of the alleged negligence.  Sens, through its own negligence and prior to any involvement by Defendants, agreed to a construction contract without reviewing final plans that obligated Sens to construct the building at a fixed price with no additional consideration, notwithstanding that Sens had not seen the final building plans and requirements for the building were not yet finalized. Sens waited until after the date of substantial completion for the project had passed and it was incurring daily liquidated damages in the amount of $9,500 for its failure to timely complete the building before retaining Defendants.

6. Plaintiffs are further unable to establish that Defendants proximately caused any alleged damages where Sens faced a situation entirely of its own making where it could either continue the Project at a substantial loss in light of the ongoing liquidated damage assessments it agreed to, or it could stop work on the Project.  Mr. Sens testified that it would be "impossible" for Sens to finish the project.

7. Plaintiffs' claims are barred by contributory negligence, due to Plaintiffs' repeated failures to protect their own interest, during negotiation of the construction Contract, the Amended Contract, and during the performance of Contract, which caused the damages which Plaintiffs now assert.

8. Sens was contributorily negligent when, against the advice of Defendants, Sens relinquished and waived any ability to assert a claim or defense relating to its nonperformance due to the Owner's failure to provide plans and construction permits when it executed Change Order 1.

9. Sens contributed to its own damages through negligent and deficient work on the construction project.

10. The accompanying Memorandum of Law in support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, is incorporated by reference as though fully stated herein.

WHEREFORE, Defendants Whiteford, Taylor & Preston, LLP and Thomas Beach, Esquire respectfully request that the Court dismiss this matter with prejudice, or alternatively, enter summary judgment in favor of Defendants as to all claims.

Respectfully submitted,

| */s/ Alvin I. Frederick* | */s/ Lauren E. Marini* |
|---|---|
| Alvin I. Frederick (01429) | Lauren E. Marini (30057) |
| ECCLESTON & WOLF, P.C. | ECCLESTON & WOLF, P.C. |
| Baltimore-Washington Law Center | Baltimore-Washington Law Center |
| 7240 Parkway Drive, 4th Floor | 7240 Parkway Drive, 4th Floor |
| Hanover, MD 21076-1378 | Hanover, MD 21076-1378 |
| (410) 752-7474 | (410) 752-7474 |
| (410) 752-0611 (fax) | (410) 752-0611 (fax) |
| E-mail: frederick@ewmd.com | E-mail: marini@ewmd.com |
| *Attorney for Defendants* | *Attorney for Defendants* |

/s/ Kevin G. Hroblak
Kevin G. Hroblak (26180)
WHITEFORD TAYLOR PRESTON L.L.P.
7 St. Paul Street
Baltimore, MD  21202
(410) 347-9405(phone)
(410) 223-4305 (fax)
E-mail: khroblak@wtplaw.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2020, copies of the foregoing Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment was served by the Court's ECF System to:

> Christopher G. Hoge, Esquire
> 1211 Connecticut Avenue, NW
> Suite 300
> Washington, DC  20036
> *Counsel for Plaintiffs*
>
> Wes P. Henderson, Esquire
> Patrick D. Gardiner, Esquire
> Henderson Law, LLC
> 2127 Espey Court
> Suite 204
> Crofton, MD  21114
> *Counsel for Plaintiffs*

/s/Lauren E. Marini
Lauren E. Marini (30057)