Entered: September 30th, 2021
Signed: September 30th, 2021

**SO ORDERED**



*Maria Ellena Chavez-Ruark*

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In re:<br><br>ROY SENS AND<br>MELANIE SUSAN SENS,<br><br>    Debtors. | Case Number: 17-18481-MCR<br>(Chapter 7) |
| SENS, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WHITEFORD, TAYLOR<br>& PRESTON, LLP, *et al.*,<br><br>    Defendants. | Adversary Number: 20-00149-MCR |

### ORDER DETERMINING AGREED UPON PRELIMINARY ISSUES

Upon consideration of the Notice of Removal and Complaint [Dkt. No. 1] filed by Sens, Inc., Sens Mechanical, Inc., Roy Sens and Melanie Sens (collectively, the "Sens Parties"); the First Amended Complaint and Demand for Jury Trial [Dkt. No. 24] filed by Sens, Inc. and Monique Almy, Chapter 7 trustee for the bankruptcy estate of Sens Mechanical, Inc. (the "SMI

Trustee"; together with Sens, Inc., the "Plaintiffs"); the Motion to Dismiss Complaint and Amended Complaint[1] [Dkt. No. 40] filed by Whiteford, Taylor & Preston LLP and Thomas C. Beach III (together, the "Defendants"); the Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Complaint and Amended Complaint [Dkt. No. 43] filed by the Plaintiffs; the Reply to Plaintiffs' Opposition to Motion to Dismiss [Dkt. No. 44] filed by the Defendants; the Post-Hearing Brief [Dkt. No. 51] filed by the Plaintiffs; the Post-Hearing Brief [Dkt. No. 53] filed by the Defendants; the arguments made at the hearing held on January 22, 2021; and applicable law; and for the reasons stated in the Memorandum Opinion filed contemporaneously with this Order; this Court finds as follows:

A. The Sens Parties timely filed the initial complaint against the Defendants because the applicable limitations period began to run on December 18, 2018 and the Sens Parties filed the initial complaint on February 28, 2020, less than three years later;

B. Sens Mechanical, Inc. ("SMI") did not have standing to file the initial complaint because only the SMI Trustee could have filed the complaint under applicable law;

C. Although SMI did not have standing to file the initial complaint, the SMI Trustee properly substituted in as a plaintiff for SMI and the action can and should proceed as if it had been originally commenced by the SMI Trustee, the real party in interest;

D. SMI was not judicially estopped from pursuing the claim against the Defendants even though it delayed disclosure of the claim because there is no evidence that SMI acted intentionally to mislead the Court to gain an unfair advantage; and

---

[1] As stated in the accompanying Memorandum Opinion, the procedural posture of this adversary proceeding is unusual. Although the issues are presented in the context of a Motion to Dismiss, the Court is treating the Motion to Dismiss as a request for declaratory relief to ensure that the issues to be decided by this Court are fully resolved as contemplated by the parties and the Court in the Agreed Order entered on October 15, 2020 [Dkt. No. 38].

   E. Even if SMI were judicially estopped from pursuing the claim against the Defendants, the SMI Trustee would not be judicially estopped from pursuing the claim because SMI's delay in disclosing the claim is not attributable to the SMI Trustee.

  Therefore, it is, by the United States Bankruptcy Court for the District of Maryland,

  ORDERED, that this adversary proceeding is remanded to the Circuit Court for Howard County Maryland for further proceedings consistent with this Court's findings and conclusions.

cc: All Parties
   All Counsel

**END OF ORDER**